■ In the Matter of DOROTHY K. MENDELSON, Deceased. JONATHAN MENDELSON, Appellant; WILLIAM A. KASS et al., Respondent. In the Matter of the Estate of DOROTHY K. MENDELSON, Deceased. WILLIAM A. KASS, Respondent; JAMES MENDELSON, Respondent, and JONATHAN MENDELSON, Objectant-Appellant. [982 NYS2d 888]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered on or about April 16, 2012, which granted William Kass's motion and James Mendelson's cross motion for summary judgment dismissing appellant's objections to probate of the will of the deceased, and admitted the will to probate, unanimously affirmed, without costs. Order, same court (Rita Mella, S.), entered on or about July 12, 2013, which granted Kass and Barbara Miller's motion for summary judgment dismissing the petition to turn over certain bank accounts, and denied appellant's cross motion for summary judgment granting the petition, unanimously affirmed, without costs.

The court properly found that appellant presented no evidence of undue influence in the making of the will (*see Matter of Walther*, 6 NY2d 49, 53-54 [1959]). Indeed, it was undisputed that decedent was strong-willed and competent at the time of execution of the will, and that some of the challenged provisions were present in her prior wills.

The court also correctly found that appellant presented no evidence that decedent did not understand the challenged provisions. Decedent's attorney, who drafted the will, testified that all of the provisions of the will were explained to decedent in detail, that she affirmed she understood the provisions, and that the will reflected her wishes.

Appellant failed to present evidence sufficient to invalidate decedent's choice of executor (*see Matter of Rattner*, 107 AD3d 600 [1st Dept 2013]).

The court properly found that an unchallenged power of attorney signed by decedent in 2000 had authorized decedent's sister to re-title certain bank accounts in decedent's name. Appellant presented no evidence that the 2000 power of attorney had been revoked by decedent, and he admitted that she told him that she had been advised by her attorney to re-title the accounts.

The court also correctly determined that appellant failed to present sufficient evidence to raise a triable issue of fact as to the sister's self-dealing. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Feinman and Kapnick, JJ.